## HEZEKIAH M. SMITH vs. JAMES KIRBY, JR.

When a plaintiff in a justice's court duly files a bill of particulars, in an action of general indebitatus assumpsit, and an appeal is taken from the justice's judgment, and he transmits to the court of common pleas a copy of the record and of the papers filed in the case, the trial in that court, on the appeal, must be confined to the matter set forth in the bill of particulars, unless the plaintiff obtains leave to amend it.

On the trial of an action, brought into the court of common pleas by appeal from a justice of the peace, parol evidence is not admissible to prove that a paper, which is sent up by the justice as a copy of one that was filed in the case, was so filed by the plaintiff as a bill of particulars: The question, whether it was filed as a bill of particulars, must be determined by the paper itself, or by the minute or filing thereon written, or by the justice's certificate accompanying it.

THIS was an action of assumpsit commenced before a justice of the peace. The writ contained the general counts only. The action was duly entered on the 29th of July 1843, and was continued by the justice to the 30th of

September following, when issue was joined by the parties, and the plaintiff moved for leave to amend his writ, by adding the name of James Reidel as co-plaintiff. The justice granted leave so to amend, but the plaintiff did not amend. The justice rendered judgment for the plaintiff for $10 and costs, and the defendant appealed to the court of common pleas.

At the trial in the court of common pleas, before *Merrick*, J. there was found, among the papers sent up by the justice, a copy of an order drawn by the defendant on Estes Smith, dated July 13th 1843, requesting him to pay to the plaintiff and James Reidel ten dollars in said Estes's "line of business." Neither this order, nor a copy thereof, was annexed to the plaintiff's original writ ; nor was there any minute or filing upon it by the justice ; nor did the record of the justice mention or refer to it.

There was also, among the papers sent up by the justice, a copy of a writing signed by James Reidel, dated September 30th 1843, (the day of the trial before the justice,) and directed to the justice, wherein said Reidel expressly forbade the use of his name as co-plaintiff in said action, and requested that, if his name had been entered as co-plaintiff, it might be stricken out.

The plaintiff contended, that though he moved for and had leave to amend, before the justice, yet that the record showed that he did not amend, but waived the privilege of amending, and went to trial upon his writ ·as originally made ; and he proposed to introduce evidence in support of the general counts. To this the defendant objected, and contended that the order abovementioned was filed by the plaintiff in the justice's court, as his bill of particulars, and that, as no further bill of particulars was ever filed, the plaintiff must now be confined to it. The plaintiff contended that there was nothing in the justice's record, nor any minute or filing upon the order itself, showing that it was filed as a bill of particulars, but that it appeared affirmatively, from the record — which he insisted was the only legal source of

vidence — that the recovery before the justice was not upon the order, but upon the general counts, in favor of the plaintiff alone.

No evidence was offered that the defendant had ever called upon the plaintiff for a bill of particulars.

The judge ruled, that to constitute the order a bill of particulars, it was not necessary that it should so appear from the record, or from the filing ; but that the fact, whether or not it was filed in the court below as the bill of particulars, might be ascertained by an examination of the record, the papers in the case, and by evidence *aliunde ;* and he admitted evidence for this purpose, to the admission of which the plaintiff objected.

The defendant thereupon called and examined the said justice, and the plaintiff called and examined the counsel who appeared for him before the justice. The judge being fully satisfied, upon consideration of the record and papers in the case, and the evidence produced, that said order was filed by the plaintiff, in the court below, as his bill of particulars and only cause of action, ruled that the plaintiff must be confined to it in the trial, and could not introduce evidence of other matters and claims, under the general counts.

The plaintiff thereupon submitted to a verdict against him, and alleged exceptions to the judge's rulings.

*G. Parker*, for the plaintiff. Parol evidence was wrongly admitted to prove that the order was filed, in the justice's court, as a bill of particulars. That fact should have been ascertained by the record alone. *Manny* v. *Harris*, 2 Johns. 24. *Sintzenick* v. *Lucas*, 1 Esp. R. 43. Or, if other evidence was admissible, it was for the jury to pass upon it, and not the court.

The evidence was inadmissible, because it contradicted the record. The order in favor of Smith & Reidel showed no cause of action for Smith alone ; and yet he alone recovered judgment. See *Tucker* v. *Maxwell*, 11 Mass. 143.

*F. H. Dewey*, for the defendant. The defendant was bound by Rev. Sts *c.* 85, § 15, to bring up " a copy of the

record, and of all the papers filed in the case ; " and the justice was also bound to furnish him with a copy thereof. The justice has sent up a copy of the order, as it was filed in his court ; and it is competent for the defendant to show, by evidence *aliunde*, that the order was filed as a bill of particulars.    See *Webster* v. *Lee*, 5 Mass. 334.    *Smith* v. *Whiting*, 11 Mass. 445.    *Eastman* v. *Cooper*, 15 Pick. 286. *Young* v. *Black*, 7 Cranch, 565.    *Ravee* v. *Farmer*, 4 T. R. 146.    *Phillips* v. *Berick*, 16 Johns. 136.    The evidence was admissible, from the necessity of the case.    The record did not show the ground of action ; and a record never does show it, when the counts are in general indebitatus assumpsit. Bills of particulars seldom have any minute thereon, to show that they are filed.    As the record did not show the state of the case, the next best evidence was the testimony of the justice.

DEWEY, J.    The only real question, in this case, is upon the ruling of the court of common pleas as to a certain paper relied upon by the defendant as a bill of particulars.    The case came up by appeal from a justice of the peace, and accompanying the papers sent up there was an instrument of the following purport :  " Worcester, July 13th 1843.    Mr. Estes Smith : Sir, Please pay James Reidel and Hezekiah Smith, ten dollars in your line of business, and I will account to you for the same.    James Kirby, Jr."    To this paper there was neither caption, nor any filing or memorandum indorsed thereon, indicating the purpose for which it was used before the justice.    The counsel for the defendant insisted, before the court of common pleas, that on the trial before the justice, this document was introduced and used as a bill of particulars, and offered parol evidence to establish the fact ; and he contended that, in the further proceedings in the cause, it was to be taken as such, and that the trial should now proceed on this assumption, and the plaintiff be restricted, in his proof, to the cause of action set forth in this paper.    The plaintiff objected to the introduction of parol evidence to prove that the paper was thus used before the justice as a bill of particulars and the specification of the plaintiff's demand.

There is no doubt, where a bill of particulars has been duly filed before the justice, and is thereby made the foundation of the judgment, and the same is duly certified as such, and sent up with the papers, under the statute provisions requiring the justice, in cases of appeal from his judgment, to send up certified copies of the record and of all papers filed with him in the case, that the case is to be tried, on the appeal, upon the bill of particulars thus filed, unless the bill, for good and sufficient cause shown to the court of common pleas, be allowed by that court to be amended.

The inquiry then arises as to the mode of authenticating a document of this character; whether it must appear to be such by the copy of the record transmitted by the justice; or a memorandum or filing on the paper itself; or by a copy thereof, certified by the justice; or whether its character and use, before the justice, may be shown by witnesses called to establish that fact. This latter mode is objectionable and not warranted by law. By statute, it is made the duty of the justice to make a record of all the proceedings in the case, and send up a copy of the same and of all papers filed in the case; and this duty, properly discharged, will always secure the right of the parties in this respect; and any paper in the case, filed with the justice, though not embraced in the record, will thus be substantiated as competent evidence, if certified with the proper memorandum or filing, indicating the purpose for which it was introduced and used before him.

The importance of strictly adhering to the ordinary rules, and requiring formality in the evidence of proceedings before justices of the peace, where those proceedings become important on trials of issues before other tribunals, was much considered, and strongly enforced, in the case of *Sayles* v. *Briggs*, 4 Met. 421. Strong objections exist to the introduction of parol testimony in such cases. Collateral issues are thus presented, and questions of fact are to be tried upon the testimony of witnesses, where a written document may and ought to be conclusive. Cases may exist, and such were

cited by the defendant's counsel, where, from the nature of the question, resort must be had to parol evidence as to the course of proceedings and the matter in issue before another tribunal; as where, after there has been a trial at law upon the general counts in a writ, a subsequent action is brought, and the party has occasion to show what was the subject of controversy in the former suit. Unless parol evidence were admissible in such case, the party might be excluded from showing a former recovery, or judgment in his favor, on the same cause of action. But no such necessity exists here. The bill of particulars may always be authenticated by the filing of the plaintiff or of the justice upon it, indicating its character. If this is not done, it is always competent for the defendant to insist upon it before proceeding to trial. This being done, if any question is afterwards raised in the court of common pleas, or in this court, as to the character of the paper, it must be settled by the indorsement on the paper itself, or by the certificate of the justice accompanying it, or by a certified copy thereof.

*New trial granted*